UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES                                                                          Plaintiff

v.                                                              Criminal Action No. 3:23-cr-25-RGJ

ALEXANDER YOUNG                                                                      Defendant

\* \* \* \* \*

**MEMORANDUM OPINION & ORDER**

Defendant Alexander Young ("Young") moved to Revoke [DE 12] Magistrate Judge Edwards' Detention Order [DE 11] ("Detention Order"). The United States responded [DE 15]. Young has not replied, but Counsel to Young contacted the Court's clerk to determine the status of Young's motion. Therefore, the Court presumes Young does not intend to file a reply. For the reasons below, Young's Motion to Revoke Detention Order [DE 12] is **DENIED**.

**I.    BACKGROUND**

Young was arrested on February 16, 2023. [DE 15 at 62]. The next day, the United States sought and obtained a criminal complaint. [DE 1]. On February 22, a grand jury indicted Young on one count of attempted online enticement of a minor in violation of 18 U.S.C. 2422(b). [DE 5]. Upon a motion by the United States, Magistrate Judge Edwards held a detention hearing on the same day and detained Young. [DE 11].

**II.   DISCUSSION**

Young requests revocation of his Detention Order because, while the charges against him created a presumption of detention, he objects to Magistrate Judge Edward's finding that no condition or combination of conditions or release could reasonably assure the safety of the

1

community. [DE 12 at 30]. The United States argues that Young has not established good reason for the Court to revoke his detention. [DE 15 at 72].

### A. Standard

Section 3145(b) of the Bail Reform Act governs review of detention orders and provides that "[i]f a person is ordered detained by a magistrate judge . . . that person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. 18 U.S.C. § 3145(b). The district court must generally review the magistrate judge's detention order de novo and may do so without a hearing. *See United States v. Romans*, 215 F.3d 1328 (6th Cir. 2000) (affirming district court's de novo review concluded without a hearing); *see also United States v. Williams*, No. 20CR-142, 2020 WL 6866404, at *2–5 (S.D. Ohio Nov. 23, 2020) (reviewing magistrate judge's detention order de novo without a hearing). The district court must assess defendant's detention status under 18 U.S.C. § 3142.

In determining whether a release is warranted in a particular situation, the 18 U.S.C. § 3142 requires the Court to use four factors in determining whether there are conditions of release that will "reasonably assure" the appearance of the defendant and the safety of the community. *See* 18 U.S.C. § 3142(g) (stating in part that "[t]he judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community" (emphasis added)); *see also United States v. Hansen*, 108 F. App'x 331, 332 (6th Cir. 2004) (noting that the requirement is not one of "guarantee," but "reasonable assurance"). These four factors under § 3142(g) include:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including—

>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g)(1)–(4). If the Court concludes that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the person will be detained prior to trial. 18 U.S.C. § 3142(e). Such a finding must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f).

Under Section 3142(e)(2), it shall be presumed, subject to rebuttal, that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the district court finds that there is probable cause to believe that the person committed certain enumerated offenses listed in Section 3142(e)(A)–(E). *See United States v. Webb*, 238 F.3d 426 (6th Cir. 2000). To rebut the presumption, the defendant must come forward with some evidence that he does not pose a danger to the community or a risk of flight. *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010) ("Although a defendant's burden of production 'is not heavy,' he must introduce at least some evidence." (citations omitted)). "Even when a defendant satisfies his burden of production . . . 'the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court.'" *Id.* (quoting *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)).

### B. Analysis

The presumption of detention applies here because the charge against Young involves a minor victim [DE 5], which Young does not dispute [DE 12]. Young only argues that he presented evidence sufficient to rebut the presumption of detention. [*Id.* at 31–34].

At the detention hearing before Magistrate Judge Edwards, the United States argued that Young could not overcome the presumption of detention. [DE 13, Feb. 23, 2023, Hrg. Tr., at 42]. The United States contended that the first, second, and fourth factors under § 3142(g) supported detention. [*Id.* at 42–50]. Yet the United States conceded that the third factor weighed in Young's favor. [*Id.* at 47]. In response, Young argued that he had overcome the presumption of detention because he was not a flight risk and because he could be released to the custody of his grandfather with additional electronic monitoring. [*Id.* at 50–54]. Magistrate Judge Edwards concluded that "there is no condition or set of conditions that can reasonably assure against the danger Mr. Young poses to the community." [*Id.* at 55].

Young now argues that he can rebut the presumption of detention because release will assist in preparing his defense and give him consistent access to hearing aids. [DE 12 at 32–33]. He also argues that the weight of the evidence, which Magistrate Judge Edwards concluded supported detention, is the least important § 3142(g) factor and should be given little weight. [*Id.* at 33]. Finally, the combination of electronic monitoring and family supervision would provide for the safety of the community. [*Id.* at 34]. These facts are insufficient to overcome the presumption of detention under 18 U.S.C. § 3142. Young has presented limited evidence that bears on the relevant factors under § 3142(g), and the Court thus declines to disturb the Detention Order.

Even if Young had overcome the presumption in favor of detention, the Court would still not grant his motion and revoke the Detention Order, because under the applicable § 3142(g) factors, pretrial detention is still warranted here.  First, the nature and circumstances of the charge are serious.  The charge involved the attempted online enticement of a minor, which is specifically articulated in the statute.  *See* 18 U.S.C. § 3142(g)(1).  Second, the Court must consider the weight of the evidence.  *See id.* § 3142(g)(2).  "This factor goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt."  *Stone*, 608 F.3d at 948.  Young communicated with undercover agents posing as a minor child on at least three separate platforms.  [DE 15 at 63].  Young acknowledged that the child was underaged and continued to request sexual acts.  [*Id.*].  Young then arranged to meet the minor child and was arrested when he arrived at the designated location.  [*Id.* at 64].  After his arrest, Young admitted to sharing sexually explicit content with another minor and meeting her to engage in sexual activity.  [*Id.* at 64–65].  For these reasons, the evidence of Young's dangerousness to the community supports detention.  *See* 18 U.S.C. § 3142(g)(2).

Third, the Court must consider "the history and characteristics of the person" accused.  *Id.* § 3142(g)(3).  As the United States recognized at the hearing [DE , Feb. 23, 2023, Hrg. Tr., at 42], this factor likely weighs in Young's favor.  Young is well-educated, he has family support, he has consistent employment, and he does not have a criminal record.  [DE 15 at 71].  Despite these resources, Young has allegedly engaged in repeated efforts to engage in sexual relations with minors.  Young also has hearing difficulties that are intensified by his detention.  [DE 12 at 32– 33].  Yet this problem should be remedied by appealing to the Oldham County Jail.  In sum, the Court finds that the third factor only slightly weighs in Young's favor.

Finally, the Court must consider "the nature and seriousness of the danger to any person or the community that would be posed by [Young's] release." 18 U.S.C. § 3142(g)(4).  For all of the reasons explained above, this factor weighs heavily in favor of a finding that Young poses a danger and should be detained.  *See United States v. Johnson*, No. 19-CR-20437-01, 2020 WL 1474397, at *4 (E.D. Mich. Mar. 26, 2020).  Young has allegedly communicated with minors on multiple platforms to engage in sexual activities.  [DE 15 at 63].  This conduct poses a serious danger to minors in this and other communities given the global reach of the internet.  *See* 18 U.S.C. § 3142(g)(4).

The Court finds, by clear and convincing evidence, that Young poses a danger to the community and that there is no condition or set of conditions of release that can adequately protect the community.  Thus, his Motion to Revoke Detention Order [DE 12] is **DENIED.**

### III.     CONCLUSION

For the reasons set forth above, and the Court being otherwise sufficiently advised, **IT IS ORDERED** that Young's Motion to Revoke Detention Order [DE 12] is **DENIED**.

Rebecca Grady Jennings, District Judge
United States District Court

March 27, 2023

Cc:     Counsel of Record